UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| James Chester Johnson,<br><br>              Plaintiff,<br>v.<br><br>American Bank of St. Paul,<br><br>              Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

## PARTIES

2. Plaintiff James Chester Johnson (hereinafter "Plaintiff") is a natural person who resides in the City of Eden Prairie, County of Hennepin, State of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant American Bank of St. Paul (hereinafter "Defendant") is a banking corporation organized under the laws of the State of Minnesota. Defendant is a "furnisher" of consumer information as that term is used by 15 U.S.C. § 1681s-2(b) and a "person" as that term is used by 15 U.S.C. §§ 1681n(a) and 1681o(a). Defendant has its chief executive offices at 1578 University Avenue West, St. Paul, Minnesota.

1

## FACTUAL ALLEGATIONS

4. In 2003, Plaintiff borrowed money from Defendant.

5. Plaintiff's obligation to repay Defendant was secured by real property located in Dakota County Minnesota.

6. The real property securing the loan was Plaintiff's home.

7. Plaintiff borrowed the money from Defendant for personal, family, and household purposes.

8. In 2007, a bank holding a mortgage on Plaintiff home senior to Defendant's initiated foreclosure.

9. Plaintiff's home was sold in November 2007.

10. Plaintiff and his family vacated the home in around May 2008.

11. Plaintiff's liability to Defendant was extinguished, and Plaintiff claimed the extinguished debt as income on his federal income tax filing in 2008.

12. In May 2010, Defendant inaccurately reported to consumer reporting agencies that Plaintiff's loan was the subject of a new foreclosure action.

13. Defendant continued to report in the following months that Plaintiff's loan was the subject of a foreclosure action in May 2010.

14. Plaintiff immediately contacted Defendant to advise of the inaccuracy.

15. For a brief moment, Plaintiff believed that Defendant fixed its inaccurate reporting.

16. In February 2011, Defendant reported again to consumer reporting agencies that Plaintiff's loan was the subject of a new foreclosure action.

17. At the time, Defendant was also still reporting that Plaintiff's loan was the subject of a foreclosure action in May 2010.

18. Even though Plaintiff loan was in reality only the subject of one foreclosure action in 2007, as of February 2011 Defendant was falsely reporting to consumer reporting agencies that Plaintiff's loan was the subject of two subsequent foreclosure actions, one in May 2010 and one in February 2011.

19. In around February or March of 2011, Plaintiff decided that he could not trust Defendant, so he contacted Experian, a major consumer reporting agency, to dispute the inaccurate foreclosure information that Defendant was reporting about him.

20. Experian forwarded Plaintiff's dispute to Defendant.

21. About thirty days after Plaintiff's dispute to Experian, Experian contacted Plaintiff to advise that Defendant had verified that the reported foreclosure actions in May 2010 and February 2011 should remain on Plaintiff's report.

22. On information and belief, Defendant failed to reasonably investigate the accuracy of the foreclosure information that it reported about Plaintiff.

23. Had Defendant investigated whether Plaintiff's loan was the subject of foreclosure actions in May 2010 and February 2011, Defendant would have readily discovered that no such actions occurred.

24. Defendant's refusal to correct the false and derogatory information that it was reporting about Plaintiff in response to his dispute caused Plaintiff and his family enormous mental and emotional frustration.

25. In Spring of 2012, Plaintiff began working with United Family Mortgage regarding potential financing for a new home purchase.

26. Plaintiff was pre-approved for a loan sufficient to make an offer on a bank-owned home that Plaintiff believed was perfect for his family.

27. Plaintiff made an offer equal to the amount of the loan for which he was pre-approved, and the bank accepted.

28. Plaintiff paid $2,000 in earnest money toward the purchase of the home.

29. Plaintiff was extraordinarily happy that his family would get a new start in the perfect new home.

30. Closing was set for May 21, 2012.

31. Just before May 21, 2012, Plaintiff learned that he was denied final approval by the loan underwriter.

32. Plaintiff learned from United Family Mortgage that he was denied because of the two recent foreclosure actions reported by Defendant for March 2010 and February 2011.

33. It turned out that the loan underwriter had a practice to automatically reject any applicant who had a foreclosure action from the past three years.

34. Plaintiff immediately contacted Defendant to try to get to Defendant to correct its reporting.

35. Plaintiff also forwarded additional documents to Experian on June 7, 2012 showing that his loan from Defendant was not the subject of foreclosure actions in May 2010 or February 2011.

36. By the time the error was corrected, however, the seller had moved on and accepted another offer.

37. As a direct result of Defendant refusal to correct its reporting when Plaintiff disputed to Experian in March 2011, Plaintiff lost his opportunity to purchase the perfect home for his family.

38. In attempting to correct Defendant's error, Plaintiff and his family expended considerable time and expense.

39. Losing the home caused Plaintiff and his family significant mental and emotional frustration and distress.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT –

### 15 U.S.C. § 1681, *et seq*.

41. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

42. Defendant prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false consumer information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

43. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update the tradelines on Plaintiff's consumer reports to accurately reflect the status and history of Plaintiff's loan obligation.

44. Pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), Defendant is liable for Plaintiff's actual damages caused by its failures reasonably investigate, review, and respond to Plaintiff's dispute, including damages for emotional and mental distress and damages for reduction of credit score and denials of credit.

45. Defendant's conduct, action and inaction was willful, rendering it liable for statutory and punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n(a).

46. Plaintiff is entitled to recover costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- Actual damages in an amount to be determined at trial;
- Statutory and punitive damages in an amount to be determined at trial;
- Costs and reasonable attorneys' fees; and
- Other and further relief as may be just and proper.

Dated this 27th day of November, 2012.

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons Jr., Esq.
Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127

Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

Thomas J. Lyons, Esq.
Attorney I.D. #: 65699
LYONS LAW FIRM, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESTOA        )
                          ) ss
COUNTY OF <u>RAMSEY</u>        )

I, James Chester Johnson, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/James Chester Johnson
James Chester Johnson

Subscribed and sworn to before me
this <u>19th</u> day of November, 2012.


s/Thomas J. Lyons Jr.
Notary Public